TANJA L. DARROW, Bar No. 175502
Tdarrow@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
Telephone:  213.443.4300
Fax No.:    213.443.4299

SIMERDIP KHANGURA, Bar No. 272525
Skhangura@littler.com
NATHANIEL H. JENKINS, Bar No. 312067
Njenkins@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
Telephone:   916.830.7200

Attorneys for Defendant
MCKESSON MEDICAL-SURGICAL INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HARRIS, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON MEDICAL-SURGICAL INC., a Virginia Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, & 1446]**<br><br>Complaint Filed:  April 3, 2020 in Superior Court of the State of California, County of Placer |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT                              1.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF KEVIN HARRIS AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant MCKESSON MEDICAL-SURGICAL INC. ("Defendant") removes the above-captioned action from the Superior Court of the State of California, County of Placer, to the United States District Court, Eastern District of California, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. VENUE

2. This action was filed in the Superior Court for the State of California, County of Placer. Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 84(c)(3), 1391, 1441, and 1446.

## III. PLEADINGS, PROCESS, AND ORDERS

3. On April 3, 2020, Plaintiff Kevin Harris ("Plaintiff") filed a Class Action Complaint against Defendant in Placer County Superior Court, titled: *KEVIN HARRIS, as an individual; on behalf of himself and all other similarly situated, vs. MCKESSON MEDICAL-SURGICAL INC., a Virginia Corporation; and DOES 1-50, inclusive,* bearing Case No. SCV0044686 (the "Complaint"). The Complaint asserts the following causes of actions: (1) Failure to Accurately Pay All Wages Earned, Including Overtime; (2) Failure to Authorize and Permit Rest Periods; (3) Failure to Timely Pay

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT      2.

1  Wages Owed Upon Separation From Employment; (4) Failure to Provide Accurate Itemized Wage
2  Statements; (5) Failure to Reimburse Necessary Expenses and (6) Unlawful Business Practices under
3  Business and Professions Code section 17200.

4      4.    On June 2, 2020, Defendant was served with the Complaint,
5  along with copies of the Summons, Civil Case Cover Sheet, and Notice of Case Management
6  Conference. A true and correct copy of the Complaint, Summons, Civil Case Cover Sheet, and Notice
7  of Case Management Conference served upon Defendant is attached as **Exhibit A** to the Declaration
8  of Simerdip Khangura ("Khangura Decl.") In Support of Defendant's Notice of Removal, filed
9  concurrently herewith. Khangura Decl. ¶ 2, Exh. A.

10      5.    On June 30, 2020, Defendant filed its Answer in the Superior Court of the State of
11  California, County of Placer. A true and correct copy of Defendant's Answer is attached as **Exhibit**
12  **B** to the Khangura Declaration, filed concurrently herewith. Khangura Decl. ¶ 3, Exh. B.

13      6.    No other parties have been named or validly served with the Summons and Complaint
14  in this matter. Khangura Decl., ¶ 5.

15      7.    Pursuant to 28 U.S.C. § 1446(d), the attached **Exhibits A – B** constitute all process,
16  pleadings and orders served on Defendant or filed or received by Defendant in this action. To
17  Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in
18  the Superior Court of the State of California, County of Placer, or served by any party. To Defendant's
19  knowledge, no proceedings related hereto have been heard in the Superior Court of the State of
20  California, County of Placer. Khangura Decl., ¶¶ 2-4.

21  **IV.    TIMELINESS OF REMOVAL**

22      8.    An action may be removed from state court by filing a notice of removal, together with
23  a copy of all process, pleadings, and orders served on the Defendant within 30 days of service on
24  defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe*
25  *Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the
26  summons and complaint). Removal of this action is timely because this Notice of Removal has been
27  filed within 30 days from June 2, 2020, when Defendant was served with the Complaint. 28 U.S.C.
28  § 1446(b). Khangura Decl., ¶ 2.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT      3.

## V. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

9. With the filing of this Notice of Removal in the United States District Court for the Eastern District of California, the undersigned is providing written notice of such filing to counsel for Plaintiff. Khangura Decl., ¶ 6. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Placer. *Id.*

## VI. CAFA JURISDICTION

10. CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A. **Plaintiff Filed A Class Action Under State Law**

11. Plaintiff filed his action as a class action based on alleged violations of California state law. Complaint ¶¶ 54-109.

### B. **The Proposed Class Contains At Least 100 Members**

12. 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

13. Plaintiff filed this action on behalf of himself and "any and all person who are or were employed by Defendants(sic) as non-exempt employees, however titled, working in distribution or delivery positions in the State of California within four (4) years prior to the filing of the Complaint in this action until the resolution of this lawsuit and whose jobs duties did not consist of over 50% administrative, executive or professional duties ." Complaint ¶ 50.

14. Based on a review of Defendant's records, Defendant employed a total of 278 hourly, nonexempt employees working in its California locations in distribution or delivery positions during the putative class period of April 3, 2016, to the present. Declaration of Joan Eliasek in Support of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT   4.

Defendant's Removal of Civil Action to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (hereinafter "Eliasek Decl."), ¶ 2. As such, there are well over 100 putative class members in this case.

### C. Defendant Is Not A Governmental Entity

15. Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

16. Defendant is a corporation, not a state, state official, or other government entity exempt from CAFA. Eliasek Decl., ¶ 6.

### D. There Is Diversity Between At Least One Class Member And One Defendant

17. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

18. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    5.

19. Plaintiff resides in California and has specifically alleged that, "[d]uring the relevant time, Plaintiff Kevin Harris was a resident of the County of Sacramento in California." Complaint ¶ 16. Defendant has thus established by a preponderance of the evidence that Plaintiff resides and is domiciled in California, and is, thus, a citizen of California. *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709, at *7.

20. Defendant is not a citizen of California. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

21. Defendant is a corporation organized under the laws of the state of Virginia. Eliasek Decl., ¶ 7. As shown below, Defendant's principal place of business is located in Richmond, Virginia. Eliasek Decl., ¶ 8.

22. The Supreme Court has explained that a corporation's principal place of business is determined under the "nerve center" test. *See Hertz Corp. v. Friend,* 599 U.S. 77, 80-81 (2010). Under the "nerve center" test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. The Supreme Court further explained in *Hertz* that a corporation's nerve center "should normally be the place where the corporation maintains its headquarters" and that a corporation's nerve center is a "single place." *Id.* at 93.

*23.* Under these criteria, Defendant's principal place of business is in Richmond, Virginia, where it operates its business. Eliasek Decl., ¶ 8. The majority of Defendant's corporate officers work from its headquarters at 9954 Mayland Drive, Suite 4000, Richmond, Virginia 23233. *Id.* Accordingly, Virginia is primarily where Defendant's corporate officers direct, control, and coordinate Defendant's activities and make operational, executive, administrative and policy-making decisions. *Id.*

24. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

25. Accordingly, the named Plaintiff is a citizen of a state (California) different from

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT   6.

Defendant (Virginia), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### E. The Amount In Controversy Exceeds $5,000,000[1]

26. Based on the size of the putative class and the claims at issue, Defendant can demonstrate that the $5,000,000 threshold for CAFA removal is met in this matter contrary to Plaintiff's allegation in the Complaint that the amount in controversy for Plaintiff's class-wide claims is "*believed*" to be under the $5,000,000.

27. The Supreme Court, in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* Otherwise, "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 549-50.

28. Defendant denies the validity and merit of Plaintiff's claims, the legal theories they are based upon, and Plaintiff's request for monetary and other relief. For purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to any damages or penalties whatsoever, it is apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

29. For purposes of determining whether a defendant has satisfied the amount in controversy requirement, the Court must presume that the Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "'plaintiff prevails on liability'") (other internal citation omitted)).

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    7.

The ultimate inquiry is what amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

30. Plaintiff's Complaint alleges that Defendant failed to properly pay Plaintiff and the putative class member for overtime at 1.5 times the employee's regular rate and for double time at two times the regular rate of pay per hours (Complaint, ¶¶ 35-37), failed to authorize and permit Plaintiff and the putative class to take rest periods (Complaint, ¶¶ 38-42), failed to furnish accurate wage statements to Plaintiff and the putative class (Complaint, ¶ 44), failed to reimburse necessary expenses to Plaintiff and the putative class in the discharge of their duties, including for the usage of cellular phones and GPS devices (Complaint, ¶ 45), and failed to timely pay all final wages to Plaintiff and the putative class at the time from termination from employment (Complaint, ¶ 46).

31. In addition, Plaintiff alleges a cause of action for violation of the Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.* Complaint ¶¶ 97-104. Alleging a UCL violation may extend the statute of limitations for Plaintiff and the putative class' overtime, rest period, and expense reimbursement claims from three to four years from the filing of the Complaint, which in this case, extends the statute of limitations back to April 3, 2016. *See* CAL. BUS. & PROF. CODE § 17208; *Cortez v. Purolater Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

32. As noted above, Defendant employed a total of 278 hourly, nonexempt employees working in its California locations in delivery or distribution positions during the putative class period of April 3, 2016, to the present. Eliasek Decl., ¶ 2.

    **1.    Amount In Controversy—Plaintiff's Overtime Claim**

33. In his First Cause of Action, Plaintiff alleges that "Plaintiff typically worked 5 day a week, in excess of 40 hours" and "Plaintiff and the Class members were not properly compensated for all hours worked, in part because they were not paid overtime at the proper regular rate." Complaint,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

8.

¶¶ 29, 34.  Further Plaintiff alleges that Plaintiff and Class Member were not properly paid overtime at a rate of time and one-half at the employees' regular rate and were not properly paid double time at a rate of two times the employees' regular rate.  Complaint, ¶ 32.

34.  California Labor Code section 510 requires that employers pay nonexempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or 40 in a week. Additionally, nonexempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek.  Employers must also pay double time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the seventh consecutive day of work in a single workweek.  CAL. LAB. CODE § 510(a). The statutory period for recovery under California Labor Code section 510 is calculated under a four-year statute of limitations.  *See* CAL. CODE CIV. PROC. § 338(a) (setting a three-year period); CAL. BUS. & PROF. CODE § 17208 (the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

35.  During the relevant time period from April, 3, 2016, to the present, 278 of the putative class members worked a total of 26,108 workweeks. Eliasek Decl., ¶ 2. The average hourly rate for non-exempt employees in delivery or distribution positions during the class period is $18.39. Eliasek Decl., ¶ 4.

36.  Assuming, employees were only paid overtime and double time at 1 times their regular rate instead of 1.5 and 2, respectively, and assuming that occurred for 2 hours of overtime and 2 hours of double time per workweek, the amount in controversy for the failure to accurately pay all wages earned is **$1,440,438** [(26,108 workweeks* 2 hour per workweek * $ 18.39 (average hourly rate) * .5 overtime = $480,116) + (26,108 workweeks* 2 hour per workweek * $ 18.39 (average hourly rate) * 1 double time = $1,440,438)].

    2.    **Amount In Controversy—Plaintiff's Claim for Rest Period Premiums**

37.  In his Second Cause of Action, Plaintiff alleges that "Plaintiff and the Class Members were systemically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, in violation of the Labor Code and IWC wage order." Complaint ¶ 38. Plaintiff seeks premium wages for alleged missed rest periods, interest and penalties,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    9.

attorneys' fees, and costs of suit. Complaint ¶ 80.

38. An employee denied rest periods may be entitled to an additional hour's wages per day for failure to provide rest periods. *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010) (noting that Labor Code section 226.7 provides recovery for one rest break violation per work day).

39. While Defendant denies the validity and merit of Plaintiff's missed rest period claim, for purposes of removal only, based on a preliminary review of their records, the putative class of 278 employees worked 26,108 workweeks during the statutory period of April 3, 2016, to the present. Eliasek Decl., ¶ 2. The average hourly rate of non-exempt employees during the class period is $18.39. Eliasek Decl., ¶ 4.

40. Using a estimate of 3 missed rest periods per workweek, the amount in controversy for the missed rest period claim totals **$1,440,348** (26,108 workweeks * 3 missed rest periods per workweek * 18.39 = $1,440,348).

### 3. Amount In Controversy—Plaintiff's Waiting Time Penalties Claim

41. In his Third Cause of Action, Plaintiff seeks waiting time penalties pursuant to California Labor Code sections 201, 202, and 203. Complaint ¶¶ 81-86. The statute of limitations for Plaintiff's Labor Code section 203 waiting time penalty claim is three years. *Pineda v. Bank of Am., N.A.,* 50 Cal. 4th 1389, 1395 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").

42. The Labor Code's penalty for failure to pay wages at termination is up to 30 days wages for each employee. CAL. LABOR CODE § 203(a).

43. While Defendant denies the validity and merit of Plaintiff's waiting time claim, for purposes of removal only, based on a review of its records, 90 employees have separated from Defendant's employment since April 3, 2017 (*i.e*., during the relevant limitations period). Eliasek Decl., ¶ 3. The average hourly rate for non-exempt employees during the class period is $18.39. Eliasek Decl., ¶ 4. Therefore, the amount in controversy for Plaintiff's waiting time penalties claim is **$397,224** (90 employees * 8 hours * 30 days * $18.39 = $397,224).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

10.

### 4. Amount In Controversy— Plaintiff's Claim for Inaccurate Wage Statements

44. In his Fourth Cause of Action, Plaintiff alleges that Defendant failed to provide accurate wage statement in compliance with Labor Code section 226(a). Complaint ¶¶ 87- 96. Plaintiff alleges that Plaintiff and Wage Statement Class Member are entitled to recovery up to a maximum of $4,000, along with an award of costs and reasonable attorneys' fees. Complaint ¶ 69, Prayer for Relief.

45. Labor Code Section 226(e) provides for a statutory penalty for violations of Labor Code § 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. CAL. LABOR CODE § 226(a). The statutory period for Labor Code § 226(e) penalties is one year. CAL. CODE CIV. PROC. § 340.

46. Defendant pays its employees bi-weekly. Eliasek Decl., ¶ 4. For purposes of removal, based on a preliminary review of its records, 145 non-exempt employees worked 4,062 pay periods in California from the period April 3, 2019, to April 3, 2020. Eliasek Decl., ¶ 5.

47. Defendant denies the validity and merit of Plaintiff's wage statement claim. However, the amount in controversy for Plaintiff's wage statement claim is **$398,950** [(145 employees * $50 initial violation) + (4,062 pay periods – 145 employees) * $100) = $398,950].

### 5. Amount in Controversy – Failure to Reimburse Necessary Expenses

48. In his Fifth Cause of Action, Plaintiff seeks to recover allegedly unreimbursed business expenses under Labor Code Section 2802 for use of "numerous out of pocket expenses, including without limitation, for GPS devices and for the usage of cellular phones in direct consequence of the discharge of their duties. Complaint, ¶ 107.

49. Based on Defendant's data, the putative class member worked 20,459 workweeks during the liability period from April 3, 2016, through present. Assuming, each employee is owed $10 a week for business expenses incurred in connection with their job duties, including cell phone and GPS devices, the amount in controversy for this claim is **$391,620** ($15*26,108= $391,620).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT   11.

### 6. Amount In Controversy—Claim for Attorneys' Fees

50. Plaintiff seeks attorneys' fees and costs in his Complaint. Complaint, Prayer for Relief. Plaintiff's Complaint also alleges claims – for example, for the nonpayment of wages – which allow for the recovery of attorneys' fees. Complaint ¶ 44; CAL. LABOR CODE § 218.5. It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 549 U.S. 822 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

51. In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

52. The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

53. Plaintiff's counsel, James Hawkins APLC, has been awarded at least 25% of the settlement award in attorneys' fees in similar class actions. *Scott v. HSS Inc.,* No.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

12.

814CV01911JLSRNB, 2017 WL 7049524, at *5 (C.D. Cal. Dec. 18, 2017) (awarded 25% of gross settlement in attorneys' fees); *Quezada v. Con-Way Freight*, No. 10-CV-00100-JSW, 2017 WL 6949286, at *1 (N.D. Cal. Sept. 29, 2017) (awarded 33.33% of gross settlement in attorneys' fees); *Sanchez v. HVM LQ Mgmt., LLC*, No. SACV1100123JAKPJWX, 2012 WL 13018544, at *1 (C.D. Cal. Sept. 26, 2012) (awarded $400,000 in attorneys' fees on a total settlement $1.5 million, equaling approximately 26.5% of gross settlement).

54. Based on Plaintiff's allegations, the amount in controversy for his claims totals $4,068,489. Taking into account attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by $1,017,122 for a total amount in controversy of **$5,085,611**.

## VII. SUMMARY

55. Removal of this action is therefore proper, as the aggregate value of Plaintiff's class causes of actions and attorneys' fees are in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

| **Plaintiff's Alleged Claim** | **Amount in Controversy Conservative Estimate** |
|---|---|
| Unpaid Overtime | $1,440,348 |
| Rest Period Premiums | $1,440,348 |
| Waiting Time Penalties | $398,950 |
| Inaccurate Wage Statements | $391,620 |
| Unreimbursed Business Expenses | $397,224 |
| Attorneys' Fees | $1,017,122 |
| **Amount in Controversy** | **$5,085,611** |

56. Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

57. WHERFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of Placer, to the United States District Court for the Eastern District of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT   13.

California.

Dated: July 1, 2020

Respectfully submitted,

/s/ *Simerdip Khangura*
TANJA L. KHANGURA
SIMERDIP KHANGURA
NATHANIEL H. JENKINS
LITTLER MENDELSON, P.C.
Attorneys for Defendant
MCKESSON MEDICAL-SURGICAL INC.

4837-1146-8993.1 037360.2008

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT   14.