1  James R. Hawkins, Bar No. 192925
   James@Jameshawkinsaplc.com
2  Christina M. Lucio, Bar No. 253677
   Christina@Jameshawkinsaplc.com
3  JAMES HAWKINS APLC
   9880 Research Drive, Suite 200
4  Irvine, California 92618
   Telephone: (949) 387-7200/Facsimile: (949) 387-6676
5
   Attorneys for Plaintiff KEVIN HARRIS,
6  on behalf of himself and all others similarly
   situated
7

8  Tanja L. Darrow, Bar No. 175502
   tdarrow@littler.com
9  LITTLER MENDELSON P.C.
   633 West 5th Street, 63rd Floor
10 Los Angeles, California 90071
   Telephone: (213) 443.4300/Facsimile: (213) 443.4299
11
   Nathaniel H. Jenkins, Bar No. 312067
12 njenkins@littler.com
   LITTLER MENDELSON P.C.
13 500 Capitol Mall, Suite 2000
   Sacramento, California 95814
14 Telephone: (916) 830.7200/Facsimile: (916) 561.0828

15 Attorneys for Defendant
   MCKESSON MEDICAL-SURGICAL INC.
16

17                     UNITED STATES DISTRICT COURT

18                     EASTERN DISTRICT OF CALIFORNIA

19

| | |
|---|---|
| KEVIN HARRIS, individually and on behalf of himself and all others similarly situated, | Case No. 2:20-CV-01321-JAM-AC |
| Plaintiff, | **JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER** |
| v. | |
| MCKESSON MEDICAL-SURGICAL INC., a Virginia Corporation; and DOES 1-50, inclusive, | Trial Date: June 6, 2022<br>Complaint Filed: April 3, 2020 |
| Defendant. | |

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER          1          2:20-CV-01321-JAM-AC

Plaintiff KEVIN HARRIS ("Plaintiff") and Defendant MCKESSON MEDICAL-SURGICAL INC. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree and respectfully stipulate as follows:

**WHEREAS**, Plaintiff filed his Complaint on April 3, 2020 in Placer County Superior Court, and Defendant timely removed this matter to this Court on July 1, 2020.

**WHEREAS**, on August 24, 2020, the Parties filed their Joint Report of their Rule 26(f) Conference and Proposed Discovery Plan (Dkt. 3), which included proposed deadlines for Plaintiff to file a motion for class certification, and for Defendant to oppose such a motion;

**WHEREAS,** on August 25, 2020, this Court issued its Initial Scheduling Order (Dkt. 4), however, the Court's Initial Scheduling Order did not include any deadlines for Class Certification/De-Certification Motions, nor did it include deadlines for expert disclosures relating to Class Certification as requested in the Parties' Joint Report (Dkt. 3).

**WHEREAS,** on August 31, 2020, Defendant filed its Objections to the Initial Scheduling Order (Dkt. 5), requesting that this Court set forth deadlines for Class Certification/De-Certification as requested in the Parties' Joint Report.

**WHEREAS,** Defendant's Objections to the Initial Scheduling Order remained pending, but the Parties' thereafter propounded and responded to written discovery requests, and met and conferred to resolve alleged deficiencies in the discovery responses, including serving amended discovery responses, as well as engaging in efforts to resolve a discovery dispute relating to the scope of the alleged putative Class.

**WHEREAS,** the Parties could not resolve their discovery dispute relating to the scope of the putative Class, and held an Informal Discovery Conference ("IDC") before Magistrate Judge Claire on April 8, 2021. Magistrate Judge Claire determined that Plaintiff was entitled to conduct discovery based on a broader scope of the Class.

**WHEREAS,** during the IDC, Defendant's counsel raised to Magistrate Judge Claire the fact that Defendant's Objections to the Initial Scheduling Order remained pending, to which Magistrate Judge Claire advised the Parties to file a stipulation to Modify the Scheduling Order to

incorporate the deadlines set forth in the Parties' initial Joint Report.

**WHEREAS**, on or about November 4, 2021, the Parties filed a Joint Stipulation and [Proposed] Order to Modify the Initial Scheduling Order to set Class Certification deadlines, but also allow them more time to conduct further discovery and/or prepare a dispositive motion after the Court rules on Class Certification (Dkt. 10).

**WHEREAS**, on November 5, 2021, the Court issued an Order modifying the Initial Scheduling Order and setting Class Certification deadlines as follows:

- Last Day to Make Expert Witness Disclosures: **2/21/22**
- Last Day to Make Rebuttal Expert Disclosures:  **3/21/22**
- Last Day to Complete Discovery Related to Class Certification (except expert discovery): **3/11/22**
- Last Day to Complete Expert Discovery Related to Class Certification: **4/20/22**
- Last Day to Move for/against Class Certification: **4/5/22**
- Opposition to Class Certification Motion(s) by: **4/19/22**
- Repl(ies) to Class Certification Motion(s) by: **4/26/22**
- Hearing on Class Certification Motion(s) on: **5/3/22**
- [Assuming Certification Motion is decided on 5/3/22] Last Day to Complete Remaining Discovery or file any Motion re Discovery: **8/19/22**
- Dispositive Motions and/or Motion to De-Certify Class filed by: **10/4/22**
- Dispositive Motion or Motion to De-Certify Class hearing: **11/15/22**
- Final Pre-Trial Conference: **1/27/23**
- Jury Trial: **3/13/23**

**WHEREAS**, the Parties have further engaged in additional discovery efforts, but have also agreed to pursue a private mediation in hopes to reach a global resolution of this matter before engaging in further discovery and litigation efforts (*i.e.,* before moving for Class Certification) and have appointed Hon. Ronald M. Sabraw (Ret.) as their mediator. The Parties have reserved June 14, 2022 to mediate with Judge Sabraw, which is after the current deadline to move for Class Certification

under the current Scheduling Order. Accordingly, the Parties hereby stipulate to further modify the Scheduling Order to allow them the opportunity to mediate this case and potentially reach a resolution without the need to conduct further discovery and litigation efforts at this time.

**WHEREAS,** good cause exists to modify the Court's scheduling Order as follows:

The district court is given broad discretion in supervising the pretrial phase of litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing summary judgment motion after pretrial motion cut-off date).

To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson, supra,* 975 F.2d at 609; *see e.g.*, *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became apparent that compliance with the scheduling order was not possible). In determining "good cause," courts also consider the importance of the requested modification, the potential prejudice in allowing the modification, and, conversely, whether denial of the requested modification would result in prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings).

Here, good cause exists for a modification of the Court's scheduling order given the Parties' agreement to mediate with Judge Sabraw on June 14, 2022. This modification to extend the Parties' Class Certification brief schedule and related deadlines would allow the Parties the opportunity to focus their resources (both time and expense) on settlement as opposed to engaging in costly class certification discovery and motion work. Consequently, a modification of the scheduling order would result in a savings of judicial resources in having to hear and decide a class certification motion. Finally, should the Parties' mediation be successful, the need for any further motion work or a trial in this case would be eliminated.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER            4            2:20-CV-01321-JAM-AC

**THEREFORE, upon good cause shown**, the Parties stipulate to continue and/or modify the Scheduling Order as follows:

- Last Day to Make Expert Witness Disclosures: **8/22/22**
- Last Day to Make Rebuttal Expert Disclosures: **9/12/22**
- Last Day to Complete Discovery Related to Class Certification (except expert discovery): **9/5/22**
- Last Day to Complete Expert Discovery Related to Class Certification: **9/16/22**
- Last Day to Move for/against Class Certification: **10/7/22**
- Opposition to Class Certification Motion(s) by: **10/21/22**
- Repl(ies) to Class Certification Motion(s) by: **10/28/22**
- Hearing on Class Certification Motion(s) on: **11/2/22**
- [Assuming Certification Motion is decided on 11/2/22] Last Day to Complete Remaining Discovery or file any Motion re Discovery: **1/23/23**
- Dispositive Motions and/or Motion to De-Certify Class filed by: **3/3/23**
- Dispositive Motion or Motion to De-Certify Class hearing: **4/11/23**
- Final Pre-Trial Conference: **6/26/23**
- Jury Trial: **8/10/23**

IT IS SO STIPULATED.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER

5

2:20-CV-01321-JAM-AC

| | | |
|---|---|---|
| 1 | Dated: February 14, 2022 | JAMES HAWKINS APLC |
| 2 | | |
| 3 | | */s/ Christina M. Lucio (as approved on 2/11/22)* |
| 4 | | JAMES R. HAWKINS<br>CHRISTINA M. LUCIO |
| 5 | | Attorney for Plaintiff<br>KEVIN HARRIS |
| 7 | Dated: February 14, 2022 | LITTLER MENDELSON P.C. |
| 10 | | */s/ Nathaniel H. Jenkins*<br>TANJA L. DARROW<br>SIMERDIP KHANGURA<br>NATHANIEL H. JENKINS |
| 12 | | Attorneys for Defendant<br>MCKESSON MEDICAL-SURGICAL INC. |

JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER

6

2:20-CV-01321-JAM-AC

**ORDER**

**Upon good cause shown**, the Court Orders the Scheduling Order to be modified as follows:

- Last Day to Make Expert Witness Disclosures: **8/22/22**
- Last Day to Make Rebuttal Expert Disclosures: **9/12/22**
- Last Day to Complete Discovery Related to Class Certification (except expert discovery): **9/5/22**
- Last Day to Complete Expert Discovery Related to Class Certification: **9/16/22**
- Last Day to Move for/against Class Certification: **10/7/22**
- Opposition to Class Certification Motion(s) by: **10/21/22**
- Repl(ies) to Class Certification Motion(s) by: **10/28/22**
- Hearing on Class Certification Motion(s) on: **11/2/22**
- [Assuming Certification Motion is decided on 11/2/22] Last Day to Complete Remaining Discovery or file any Motion re Discovery: **1/23/23**
- Dispositive Motions and/or Motion to De-Certify Class filed by: **3/3/23**
- Dispositive Motion or Motion to De-Certify Class hearing: **5/9/23 at 1:30 PM**
- Final Pre-Trial Conference: **6/23/23 at 11:00 AM**
- Jury Trial: **8/7/23 at 9:00 AM**

**IT IS SO ORDERED.**

Dated:  February 14, 2022

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE