1  James R. Hawkins, Bar No. 192925
   James@Jameshawkinsaplc.com
2  Christina M. Lucio, Bar No. 253677
   Christina@Jameshawkinsaplc.com
3  JAMES HAWKINS APLC
   9880 Research Drive, Suite 200
4  Irvine, California 92618
   Telephone: (949) 387-7200/Facsimile: (949) 387-6676
5
6  Attorneys for Plaintiff KEVIN HARRIS,
   on behalf of himself and all others similarly
   situated
7

8  Tanja L. Darrow, Bar No. 175502
   tdarrow@littler.com
9  LITTLER MENDELSON P.C.
   633 West 5th Street, 63rd Floor
10 Los Angeles, California 90071
   Telephone: (213) 443.4300/Facsimile: (213) 443.4299
11
   Nathaniel H. Jenkins, Bar No. 312067
12 njenkins@littler.com
   LITTLER MENDELSON P.C.
13 500 Capitol Mall, Suite 2000
   Sacramento, California 95814
14 Telephone: (916) 830.7200/Facsimile: (916) 561.0828

15 Attorneys for Defendant
   MCKESSON MEDICAL-SURGICAL INC.
16

17                UNITED STATES DISTRICT COURT

18                EASTERN DISTRICT OF CALIFORNIA

19

| KEVIN HARRIS, individually and on behalf of himself and all others similarly situated, | Case No. 2:20-CV-01321-JAM-AC |
|---|---|
| Plaintiff, | **JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER** |
| v. | |
| MCKESSON MEDICAL-SURGICAL INC., a Virginia Corporation; and DOES 1-50, inclusive, | Trial Date: August 7, 2023<br>Complaint Filed: April 3, 2020 |
| Defendant. | |

JOINT STIPULATION TO FURTHER
MODIFY THE INITIAL SCHEDULING          1                    2:20-CV-01321-JAM-AC
ORDER; ORDER

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Plaintiff KEVIN HARRIS ("Plaintiff") and Defendant MCKESSON MEDICAL-SURGICAL INC. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree and respectfully stipulate as follows:

**WHEREAS**, Plaintiff filed his Complaint on April 3, 2020 in Placer County Superior Court, and Defendant timely removed this matter to this Court on July 1, 2020.

**WHEREAS**, on August 24, 2020, the Parties filed their Joint Report of their Rule 26(f) Conference and Proposed Discovery Plan (Dkt. 3), which included proposed deadlines for Plaintiff to file a motion for class certification, and for Defendant to oppose such a motion;

**WHEREAS,** on August 25, 2020, this Court issued its Initial Scheduling Order (Dkt. 4), however, the Court's Initial Scheduling Order did not include any deadlines for Class Certification/De-Certification Motions, nor did it include deadlines for expert disclosures relating to Class Certification as requested in the Parties' Joint Report (Dkt. 3).

**WHEREAS,** on August 31, 2020, Defendant filed its Objections to the Initial Scheduling Order (Dkt. 5), requesting that this Court set forth deadlines for Class Certification/De-Certification as requested in the Parties' Joint Report.

**WHEREAS,** Defendant's Objections to the Initial Scheduling Order remained pending, but the Parties' thereafter propounded and responded to written discovery requests, and met and conferred to resolve alleged deficiencies in the discovery responses, including serving amended discovery responses, as well as engaging in efforts to resolve a discovery dispute relating to the scope of the alleged putative Class. Namely, the Parties disagreed as to whether Plaintiff's class definition as plead in his complaint included just delivery drivers (like him), or included all non-exempt employees at Defendant's California distribution centers in California (*e.g.*, material handlers).

**WHEREAS,** the Parties could not resolve their discovery dispute relating to the scope of the putative Class, and held an Informal Discovery Conference ("IDC") before Magistrate Judge Claire on April 8, 2021. Magistrate Judge Claire determined that Plaintiff was entitled to conduct discovery based on a broader scope of the Class.

///

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER

2

2:20-CV-01321-JAM-AC

**WHEREAS,** during the IDC, Defendant's counsel raised to Magistrate Judge Claire the fact that Defendant's Objections to the Initial Scheduling Order remained pending, to which Magistrate Judge Claire advised the Parties to file a stipulation to Modify the Scheduling Order to incorporate the deadlines set forth in the Parties' initial Joint Report

**WHEREAS,** Defendant's Objections to the Initial Scheduling Order remained pending, but on or about November 4, 2021, the Parties filed a Joint Stipulation and [Proposed] Order to Modify the Initial Scheduling Order to set Class Certification deadlines, but also allow them more time to conduct further discovery and/or prepare a dispositive motion after the Court rules on Class Certification (Dkt. 10). And on November 5, 2021, the Court issued an Order modifying the Initial Scheduling Order and setting Class Certification deadlines.

**WHEREAS**, in early 2022, the Parties agreed to pursue a private mediation in hopes to reach a global resolution of this matter before engaging in further discovery and litigation efforts (*i.e.,* before moving for Class Certification). And on February 14, 2022, the Parties filed a Joint Stipulation and [Proposed] Order to Modify the Initial Scheduling Order to continue the then-set Class Certification deadlines based on the fact they had reserved June 14, 2022 to mediate with Hon. Ronald M. Sabraw (Ret.), which was then after the current deadline to move for Class Certification under the then-Scheduling Order. On February 15, 2022, the Court issued an Order modifying the Initial Scheduling Order and setting the (current) Class Certification deadlines as follows:

- Last Day to Make Expert Witness Disclosures: **8/22/22**
- Last Day to Make Rebuttal Expert Disclosures: **9/12/22**
- Last Day to Complete Discovery Related to Class Certification (except expert discovery): **9/5/22**
- Last Day to Complete Expert Discovery Related to Class Certification: **9/16/22**
- Last Day to Move for/against Class Certification: **10/7/22**
- Opposition to Class Certification Motion(s) by: **10/21/22**
- Repl(ies) to Class Certification Motion(s) by: **10/28/22**
- Hearing on Class Certification Motion(s) on: **11/2/22**

JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER

3

2:20-CV-01321-JAM-AC

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

- Last Day to Complete Remaining Discovery or file any Motion re Discovery: **1/23/23**
- Dispositive Motions and/or Motion to De-Certify Class filed by: **3/3/23**
- Dispositive Motion or Motion to De-Certify Class hearing: **4/11/23**
- Final Pre-Trial Conference: **6/26/23**
- Jury Trial: **8/10/23**

**WHEREAS,** the Parties engaged in mediation with Judge Sabraw on June 14, 2022, but a number of issues discussed at the mediation prevented the Parties from reaching a settlement agreement in this case. Namely, the Parties were still in dispute of whether Plaintiff would be able to certify a class of Defendant's current/former employees as defined in his Complaint, along with the fact that Plaintiff's counsel informed defense counsel that they intended to file a separate Class Action Complaint in Placer County Superior Court with a new plaintiff who Plaintiff's counsel contended might be better suited to certify a class of Defendant's distribution center employees who did not hold driving positions like Plaintiff Harris. The week following the Parties' mediation, Plaintiff's counsel filed a second Class Action Complaint entitled *Darwin Colinayo v. McKesson Medical-Surgical, Inc., et al.*, Case No. SCV-0048672 ("*Colinayo*"). The *Colinayo* Action asserts many of the same causes of action, plus additional claims as in the instant action, but Plaintiff Colinayo held a different position from Plaintiff Harris (Mr. Colinayo was not a delivery driver).

**WHEREAS**, counsel for both Parties met and conferred and agreed, that based on the new *Colinayo* action, that Plaintiff Harris would narrow the scope of this Class Action to just delivery drivers (like himself), and that Plaintiff's counsel could pursue a larger/separate class within the *Colinayo* action (*e.g.*, material handlers and other non-driving positions at Defendant's California Distribution Centers). Moreover, pursuant to this agreement, the Parties have agreed to return the instant action to mediation before Judge Sabraw in hope to resolve this matter (Plaintiff Harris) based on a more narrowed class definition. The Parties have reserved a mediation date of December 14, 2022, which was Judge Sabraw's next available date that worked with the Parties' schedules.

///

JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER      4      2:20-CV-01321-JAM-AC

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

**WHEREAS**, in order to allow the Parties time to return to mediation and complete any remaining, necessary discovery prior to having to move for and oppose class certification, the Parties stipulate to continue the current class certification deadlines and trial date out by a period of six months.

Accordingly, the Parties hereby stipulate to further modify the Scheduling Order to allow them the opportunity to mediate this case and potentially reach a resolution without the need to conduct further discovery and litigation efforts at this time.

**WHEREAS,** good cause exists to modify the Court's scheduling Order as follows:

The district court is given broad discretion in supervising the pretrial phase of litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing summary judgment motion after pretrial motion cut-off date).

To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson, supra,* 975 F.2d at 609; *see e.g.*, *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (granting request for modification that was promptly made when it became apparent that compliance with the scheduling order was not possible). In determining "good cause," courts also consider the importance of the requested modification, the potential prejudice in allowing the modification, and, conversely, whether denial of the requested modification would result in prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings).

Here, good cause exists for a modification of the Court's scheduling order given the Parties' agreement to return to mediation with Judge Sabraw in the near future. This modification to extend the Parties' Class Certification brief schedule and related deadlines would allow the Parties the opportunity to focus their resources (both time and expense) on settlement as opposed to engaging in

JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER    5    2:20-CV-01321-JAM-AC

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

costly class certification discovery and motion work. Consequently, a modification of the scheduling order would result in a savings of judicial resources in having to hear and decide a class certification motion. Finally, should the Parties' mediation be successful, the need for any further motion work or a trial in this case would be eliminated.

**THEREFORE, upon good cause shown**, the Parties stipulate to continue and/or modify the Scheduling Order as follows:

- Last Day to Make Expert Witness Disclosures: **2/24/23**
- Last Day to Make Rebuttal Expert Disclosures: **3/17/23**
- Last Day to Complete Discovery Related to Class Certification (except expert discovery): **3/10/23**
- Last Day to Complete Expert Discovery Related to Class Certification: **4/21/23**
- Last Day to Move for/against Class Certification: **5/19/23**
- Opposition to Class Certification Motion(s) by: **6/2/23**
- Repl(ies) to Class Certification Motion(s) by: **6/9/23**
- Hearing on Class Certification Motion(s) on: **6/21/23**
- [Assuming Certification Motion is decided on 11/2/22] Last Day to Complete Remaining Discovery or file any Motion re Discovery: **8/23/23**
- Dispositive Motions and/or Motion to De-Certify Class filed by: **9/22/23**
- Dispositive Motion or Motion to De-Certify Class hearing: **11/1/23**
- Final Pre-Trial Conference: **1/23/24**
- Jury Trial: **2/5/24**

IT IS SO STIPULATED.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER

6

2:20-CV-01321-JAM-AC

Dated: August 8, 2022          JAMES HAWKINS APLC


                                                      */s/Christina M. Lucio (as approved on 8/8/22)*
                                                      JAMES R. HAWKINS
                                                      CHRISTINA M. LUCIO
                                                      Attorney for Plaintiff
                                                      KEVIN HARRIS


Dated: August 8, 2022          LITTLER MENDELSON P.C.


                                                      */s/ Nathaniel H. Jenkins*
                                                      TANJA L. DARROW
                                                      NATHANIEL H. JENKINS
                                                      Attorneys for Defendant
                                                      MCKESSON MEDICAL-SURGICAL INC.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER     7     2:20-CV-01321-JAM-AC

**ORDER**

**Upon good cause shown**, the Court Orders the Scheduling Order to be modified as follows:

- Last Day to Make Expert Witness Disclosures: **2/24/23**
- Last Day to Make Rebuttal Expert Disclosures: **3/17/23**
- Last Day to Complete Discovery Related to Class Certification (except expert discovery): **3/10/23**
- Last Day to Complete Expert Discovery Related to Class Certification: **4/21/23**
- Last Day to Move for/against Class Certification: **5/19/23**
- Opposition to Class Certification Motion(s) by: **6/2/23**
- Repl(ies) to Class Certification Motion(s) by: **6/9/23**
- Hearing on Class Certification Motion(s) on: **6/21/23**
- [Assuming Certification Motion is decided on 11/2/22] Last Day to Complete Remaining Discovery or file any Motion re Discovery: **8/23/23**
- Dispositive Motions and/or Motion to De-Certify Class filed by: **9/22/23**
- Dispositive Motion or Motion to De-Certify Class hearing: **11/14/23, at 1:30 PM**
- Final Pre-Trial Conference: **1/19/24, at 10:00 AM**
- Jury Trial: **3/4/24, at 9:00 AM**

**IT IS SO ORDERED.**

DATED:  August 8, 2022

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

JOINT STIPULATION TO FURTHER MODIFY THE INITIAL SCHEDULING ORDER; ORDER

8

2:20-CV-01321-JAM-AC

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300